**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| INTERCURRENCY SOFTWARE LLC, | |
| Plaintiff, | Civil Action No. 2:25-CV-703 |
| v. | JURY TRIAL DEMANDED |
| WORLDREMIT LIMITED, | |
| Defendant. | |

**DEFENDANT WORLDREMIT LIMITED'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(5)**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND..................................................................................2

    A.    WorldRemit Limited Has No Contacts With This Forum .......................2

    B.    Plaintiff Failed to Serve WorldRemit Limited.......................................3

III.   ARGUMENT & AUTHORITIES ..........................................................................4

    A.    Plaintiff Failed to Serve WorldRemit Limited.......................................4

        1.    Legal Standard ............................................................................4

        2.    Plaintiff's Service on WorldRemit Limited was Defective Because it Failed to Follow the Hague Convention ...................................5

        3.    Plaintiff's Pattern of Avoiding Proper Service Warrants Dismissal............6

    B.    This Court Does Not Have Personal Jurisdiction Over WorldRemit Limited ...................................................................................................7

        1.    Legal Standard ............................................................................8

        2.    WorldRemit Limited is Not Subject to General Jurisdiction in Texas ...................................................................................................9

        3.    WorldRemit Limited is Not Subject to Specific Jurisdiction in Texas .................................................................................................10

        4.    Personal Jurisdiction in Texas Over WorldRemit Limited Would be Unreasonable and Unfair .........................................................12

# **TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*
  635 F.2d 434 (5th Cir. 1981) ...................................................................................4

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*
  480 U.S. 102 (1987)......................................................................................12, 13

*Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*
  566 F.3d 1012 (Fed. Cir. 2009)...........................................................8, 9, 10

*Booe v. Alecto Healthcare Services*
  4:22-cv-00110, 2022 WL 4241728 (E.D. Tex. Sept. 14, 2022) ..............................4

*Celgard LLC v. SK Innovation Co.*
  792 F.3d 1373 (Fed. Cir. 2015).............................................................11, 12

*Daimler AG v. Bauman*
  571 U.S. 117 (2014)...............................................................................9, 10

*Delta Constructors, Inc. v. Roediger Vacuum, GmbH*
  259 F.R.D. 245 (S.D. Miss. 2009) .........................................................................6

*Dickson Marine Inc. v. Panalpina, Inc.*
  179 F.3d 331 (5th Cir.1999) ...................................................................................5

*Green Ince Tec., LLC v. Ice Cold 2, LLC*
  No. 4:17-cv-00341, 2018 WL 3656476 (E.D. Tex. Aug. 1, 2018)...........................8

*Grober v.Mako Prods., Inc.*
  686 F.3d 1335 (Fed. Cir. 2012).............................................................................9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
  466 U.S. 408 .........................................................................................................9

*Hutchings v. MSHC Bonner St. Plaza LLC*
  No. 2:12-cv-00074-JRG-RSP, 2012 WL 3150824 (E.D. Tex. Aug. 2, 2012)........12

*Int'l Shoe Co. v. Washington*
  326 U.S. 310 (1945).............................................................................................8

*Intercurrency Software LLC v. Airwallex (Singapore) Pty. Ltd.*
  No. 2:24-cv-01011, Doc. 10 (E.D. Tex. May 31, 2025).........................................7

*Intercurrency Software LLC v. Foris DAX Asia*
  No. 2:23-cv-00361, Doc. 24 (Gilstrap, J.) ......................................................1, 7

*Intercurrency Software LLC v. Foris DAX Asia Pte. Ltd.*
No. 2:23-cv-00361-JRG, Doc. 24 (E.D. Tex. Jan. 31, 2025) ...................................................7

*Intercurrency Software LLC v. GBM Foundation Co. Ltd.*
No. 2:23-cv-00395 (E.D. Tex. Aug. 31, 2023) ............................................................................6

*Intercurrency Software LLC v. Xe Corp.*
No. 2:25-cv-00456 (E.D. Tex. May 1, 2025)...............................................................................7

*J. McIntyre Mach. Ltd. v. Nicastro*
564 U.S. 873 (2011).....................................................................................................................11

*Lahman v. Nationwide Provider Solutions*
No. 4:17-cv-305, 2018 WL 3035916 (E.D. Tex. June 19, 2018) ............................................8

*Lisson v. ING Groep N.V.*
262 F. App'x 567 (5th Cir. Tex. 2007) ......................................................................................5

*Monkton Ins. Servs. v. Ritter*
768 F.3d 429 (5th Cir. 2014) .......................................................................................................9

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*
484 U.S. 97 (1987)........................................................................................................................4

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*
253 F.3d 865 (5th Cir. 2001) ................................................................................................8, 10

*Seiferth v. Helicopteros Atuneros, Inc.*
472 F.3d 266 (5th Cir. 2006) .......................................................................................................9

*Special Indus., Inc. v. Zamil Grp. Holding Co.*
578 F. App'x 325 (5th Cir. 2014) ...............................................................................................8

*Talley v. Tsvetanov*
No. 4:23-cv-180, 2024 WL 3843761 (E.D. Tex. July 26, 2024).............................................8

*Tech. Pats. LLC v. Deutsche Telekom AG*
573 F. Supp. 2d 903 (D. Md. 2008), *aff'd sub nom. Tech. Pats. LLC v. T-Mobile (UK)*
*Ltd.*, 700 F.3d 482 (Fed. Cir. 2012) .........................................................................................12

*Traxcell Techs. LLC v. Nokia Sols. and Networks US LLC*
No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 22, 2019) .....................6

*World-Wide Volkswagen Corp. v. Woodson*
444 U.S. 286 (1980)......................................................................................................................8

Other Authorities

Fed. R. Civ. P.
    4(f)............................................................................................................................1, 4, 6
    4(f)(1)................................................................................................................................4
    4(h)....................................................................................................................................4
    4(h)(2).........................................................................................................................1, 4, 5
    12(b)(2).........................................................................................................................1, 7
    12(b)(4)......................................................................................................................1, 4, 7
    12(b)(5)......................................................................................................................1, 4, 7

Private International Law*: Convention of 15 November 1965 on the Service Abroad of
    Judicial and Extrajudicial Documents in Civil or Commercial Matters* (last updated
    March 21, 2024)..............................................................................................................3

## I.    INTRODUCTION

Plaintiff Intercurrency Software LLC ("Plaintiff") has once again failed to comply with Fed. R. Civ. P. 4(f) and 4(h)(2). Defendant WorldRemit Limited is located in England and organized under the laws of England and Wales. Instead of complying with Rules 4(f) and (4)(h)(2), which requires Plaintiff to serve WorldRemit Limited under the Hague Convention, Plaintiff served the registered agent of a different legal entity that is not a party to this case. Doc. 4. Plaintiff is well-aware of its obligation to comply with the Hague Convention. This Court has already cautioned it regarding a prior failure to serve a foreign defendant according to its terms. *Intercurrency Software LLC v. Foris DAX Asia,* No. 2:23-cv-00361, Doc. 24, at *3 (Gilstrap, J.). Plaintiff's failure to effect proper service warrants dismissal.

Even assuming Plaintiff did properly serve WorldRemit Limited (it did not), this Court lacks personal jurisdiction. It is undisputed that WorldRemit Limited is a foreign company with a principal place of business abroad. Plaintiff's boilerplate allegations fail to demonstrate WorldRemit Limited is "at home" in this District. Accordingly, the Court cannot exercise general jurisdiction over it. Moreover, none of Plaintiff's allegations for specific jurisdiction are sufficient to create the necessary minimum contacts with Texas. WorldRemit Limited does not have any operations in the United States or Texas, and it lacks the licenses and registrations necessary to even perform the accused financial transactions. It has no operations, offices, or property in the United States, including Texas. It also does not employ anyone in the United States, including Texas. Supreme Court precedent prohibits dragging WorldRemit Limited more than 5,000 miles from its home when Plaintiff has failed to demonstrate that it has any connection whatsoever to Texas.

Defendant WorldRemit Limited respectively moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5).

## II.    FACTUAL BACKGROUND

### A.    WorldRemit Limited Has No Contacts With This Forum

WorldRemit Limited is located in England and organized under the laws of England and Wales. Morris Decl. ¶ 2. It is not licensed or registered to conduct business anywhere in the United States, including Texas. Morris Decl. ¶ 5. It has no physical locations in Texas (or any other State), and does not rent or own any land or physical property in Texas (or any other State). Morris Decl. ¶ 7. It also has no headquarters or offices anywhere in the United States. Morris Decl. ¶ 7. Unsurprisingly, because it has no business operations in the United States, it also has no employees in the United States, including Texas. Morris Decl. ¶¶ 5-6.

Plaintiff vaguely accuses the webpage at https://www.worldremit.com/en-us of infringing U.S. Patent No. 10,062,107 ("'107 Patent) and U.S. Patent No. 11,620,701 ("'701 Patent") (collectively, the "Asserted Patents"). Doc. 1. Defendant WorldRemit Limited, however, does not process or facilitate the allegedly infringing financial transactions performed through this website. Instead, the financial transactions that form the bases for Plaintiff's infringement allegations, are executed by WorldRemit **Corp.**, a separate legal entity that is not a party to this case. Morris Decl. ¶ 9.

Financial transactions like those accused in this case are highly regulated. As stated in disclosures on the accused webpage, WorldRemit Corp. is the only entity with the necessary licenses and business registrations to perform financial transactions in the United States, including Texas. Morris Decl. ¶ 9. United States customers contract with WorldRemit Corp.—not WorldRemit Limited—in order to perform the accused financial transactions in the United States, including Texas. Morris Decl. ¶ 9.

Plaintiff alleges that WorldRemit Corp. is a subsidiary of WorldRemit Limited but this is incorrect. Doc. 1 ¶ 2; Morris Decl. ¶ 10. WorldRemit Limited is not a direct or indirect parent or

subsidiary of WorldRemit Corp. Morris Decl. ¶ 10. The two entities have no parent-subsidiary relationship whatsoever. Morris Decl. ¶ 10.

Furthermore, WorldRemit Limited and WorldRemit Corp. are separate and distinct legal entities. Morris Decl. ¶ 10. They maintain separate books and records and also have separate directors. Morris Decl. ¶¶ 11, 13. Neither has control over the day-to-day business operations of the other. Morris Decl. ¶ 12. WorldRemit Limited pays the salaries of its own employees. Morris Decl. ¶ 14. The two entities also file and pay taxes separately. Morris Decl. ¶ 19. In other words, there are no grounds to disturb their separate corporate forms.

### B.    Plaintiff Failed to Serve WorldRemit Limited

The United Kingdom signed the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") almost sixty years ago, on November 17, 1967. The Convention entered into force there on February 10, 1969.[1] Plaintiff, however, never sought to utilize the Hague Convention or serve WorldRemit Limited at all. Instead, Plaintiff executed and returned a summons with this Court purporting to serve United Agent Group in California. Doc. 4. United Agent Group is not a registered agent for WorldRemit Limited. Morris Decl. ¶ 15. It is not authorized to accept service of process on behalf of WorldRemit Limited. Morris Decl. ¶ 15. Instead, United Agent Group is the registered agent for WorldRemit **Corp.**[2] WorldRemit Corp. is also not a registered agent for WorldRemit Limited. Morris Decl. ¶ 17. WorldRemit Corp. is also not authorized to accept service

---

[1] Hague Conference on Private International Law, *14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (last updated March 21, 2024), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.
[2] https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=0KaQSWezs9do_hympCexEfteBXKXuVjJ4qth0DPV_1g-.

of process on behalf of WorldRemit Limited. Morris Decl. ¶ 17. To date, Plaintiff has made no attempt to serve WorldRemit Limited under the Hague Convention. Morris Decl. ¶ 20.

## III.    ARGUMENT & AUTHORITIES

### A.    Plaintiff Failed to Serve WorldRemit Limited

#### 1.    Legal Standard

This case should be dismissed because Plaintiff failed to serve WorldRemit Limited. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, Rule 12(b)(4) allows a defendant to move to dismiss when the "summons and complaint do not properly name the party on whom the summons and complaint were served," and Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal based on "insufficient service of process." *Booe v. Alecto Healthcare Services*, 4:22-cv-00110, 2022 WL 4241728, at *2 (E.D. Tex. Sept. 14, 2022); Fed. R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5).

A foreign corporation must be served as prescribed in Fed. R. Civ. P. 4(h). Rule 4(h)(2) states that foreign service must be performed as specified in Rule 4(f), which includes "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(f)(1). Plaintiff bears the burden of proving the validity of its service of process. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) (reversing district court judgment "[b]ecause the record does not show that valid service of process was made" and noting that "[w]hen service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity").

The Court should dismiss Plaintiff's Complaint for insufficient service of process, or in the alternative should quash service because Plaintiff failed to properly serve the summons and Complaint on WorldRemit Limited.

> 2.    Plaintiff's Service on WorldRemit Limited was Defective Because it Failed to Follow the Hague Convention

The United Kingdom is a signatory to the Hague Convention. Section II.B *supra*. Because WorldRemit Limited is located in England and organized under the laws of England and Wales, Fed. R. Civ. P. 4(h)(2) requires Plaintiff to serve its Complaint and summons through the Hague Convention. It is undisputed that Plaintiff made no attempt to do so. Rather, Plaintiff's returned summons indicates that it served WorldRemit **Corp.** through its registered agent, United Agent Group. Doc. 4; Morris Decl. ¶ 17. WorldRemit **Corp.** is not a party to this lawsuit. Doc. 1. Additionally United Agent Group and WorldRemit Corp. are not WorldRemit Limited's registered agents. Morris Decl. ¶¶ 15, 17. Neither is authorized to accept service of process on WorldRemit Limited's behalf. Morris Decl. ¶¶ 15, 17.

To support its transparent attempt to avoid complying with the Hague Convention, Plaintiff's Complaint alleges that WorldRemit Limited "may be served through its U.S. subsidiary, WorldRemit Corp." Doc. 1, ¶ 2. Presumably, Plaintiff is alleging that WorldRemit Corp. is somehow WorldRemit Limited's "alter ego" for service of process.[3] This is incorrect and Plaintiff cites nothing in its Complaint to support such an allegation. Morris Decl. ¶¶ 10-14.

---

[3] Fifth Circuit precedent permits service of process on a foreign corporation through its domestic subsidiary without sending documents abroad "so long as the foreign corporation exercises such control over the domestic subsidiary that the two entities are essentially one[.]" *E.g.*, *Lisson v. ING Groep N.V.*, 262 F. App'x 567, 570 (5th Cir. Tex. 2007). While a line of Fifth Circuit cases has extended the alter ego analysis to affiliated entities outside of the parent-subsidiary context (*see Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir.1999)), per a 2009 Mississippi case, "no court of the United States has ever found service upon a domestic sister corporation or

As set forth above, WorldRemit Limited and WorldRemit Corp. do not have a parent-subsidiary relationship with one another. Morris Decl. ¶ 10. They are also separate and distinct legal entities that maintain separate books and records. Morris Decl. ¶¶ 10-11. WorldRemit Limited does not have control over the day-to-day business operations of WorldRemit Corp. Morris Decl. ¶ 12. The two entities also have separate directors. Morris Decl. ¶ 13. Finally, WorldRemit Limited files and pays taxes separately from WorldRemit Corp. Morris Decl. ¶ 19.

Plaintiff's attempted service of process on WorldRemit Limited through WorldRemit Corp. is defective. The Court should not allow Plaintiff to ignore corporate form and circumvent the well-established procedures for compelling a foreign company to appear in a court 5,000 miles away from its home country. Plaintiff's failure to attempt proper service through the Hague Convention justifies dismissal. *See, e.g., Traxcell Techs. LLC v. Nokia Sols. and Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019) (dismissing, because "[t]he Court concludes that [plaintiff] must comply with the Hague Convention to effect service, and [plaintiff] has not shown that it has complied with the Hague Convention").

3.    Plaintiff's Pattern of Avoiding Proper Service Warrants Dismissal

Under Rule 4(f), dismissal is warranted where, as here, "the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Traxcell Techs.*, 2019 WL 8137134, at *4 (quoting *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012)). This is not the first case Plaintiff has filed in this District against a foreign defendant. *E.g., Intercurrency Software LLC v. GBM Foundation Co. Ltd.*, No. 2:23-cv-00395 (E.D. Tex. Aug. 31,

---

cosubsidiary sufficient to perfect service upon a foreign sister corporation." *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249-52 (S.D. Miss. 2009).

2023); *Intercurrency Software LLC v. Xe Corp.*, No. 2:25-cv-00456 (E.D. Tex. May 1, 2025). It is also not the first time Plaintiff has improperly tried to circumvent service under the Hague Convention. *See Intercurrency Software LLC v. Foris DAX Asia Pte. Ltd.*, No. 2:23-cv-00361-JRG, Doc. 24 (E.D. Tex. Jan. 31, 2025) (dismissing case for improper service); *see also Intercurrency Software LLC v. Airwallex (Singapore) Pty. Ltd.*, No. 2:24-cv-01011, Doc. 10 (E.D. Tex. May 31, 2025).

Dismissal here is particularly appropriate because Plaintiff has a pattern of ignoring service requirements on foreign defendants. Plaintiff has been aware of its Hague Convention obligations long before filing this case. In *Foris DAX Asia*, Plaintiff simply withdrew its certificate of service rather than defend the propriety of its service. No. 2:23-cv-00361-JRG, Doc. 11 (E.D. Tex. Sept. 26, 2024). Similarly in *Airwallex (Singapore) Pty. Ltd.*, after service of process was challenged, Intercurrency voluntarily dismissed the foreign defendant. No. 2-24-cv-01011, Doc. 20 (E.D. Tex. Apr. 29, 2025). Despite this, Plaintiff continues the same conduct of improper service in cases filed against other foreign entities like WorldRemit Limited. As this Court cautioned Plaintiff in *Foris DAX Asia*: "Plaintiff is represented by counsel and such counsel has filed numerous lawsuits in this Court. Counsel should know how to practice in this Court in compliance with the Federal Rules of Civil Procedure." No. 2:23-cv-00361, Doc. 24, at *3 (Gilstrap, J.). The same concerns apply here, and are magnified given Plaintiff's prior warnings.

Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), WorldRemit Limited respectfully asks this Court to dismiss Plaintiff's Complaint for improper service of process.

### B.    This Court Does Not Have Personal Jurisdiction Over WorldRemit Limited

Even if the Court determines that Plaintiff properly served WorldRemit Limited through WorldRemit Corp. (it did not), the Court should still dismiss this case because it lacks personal jurisdiction over WorldRemit Limited. Fed. R. Civ. P. 12(b)(2).

-7-

1.    <u>Legal Standard</u>

The requirement that a plaintiff establish the court's personal jurisdiction "protects the defendant against the burdens of litigating in a distant or inconvenient forum" with which it has little or no contact. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Once a defendant challenges personal jurisdiction, "it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Lahman v. Nationwide Provider Solutions*, No. 4:17-cv-305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018). Moreover, facts alleged in the complaint may be accepted as true only to the extent that they are uncontroverted by a defendant's affidavit or declaration. *Talley v. Tsvetanov*, No. 4:23-cv-180, 2024 WL 3843761, at *5 (E.D. Tex. July 26, 2024) (cleaned up). Even uncontroverted facts need not be credited if they are conclusory. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In patent cases, "[d]etermining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). The Texas long-arm statute is co-extensive with federal Due Process requirements. *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 327 (5th Cir. 2014); *Green Ince Tec., LLC v. Ice Cold 2, LLC*, No. 4:17-cv-00341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018). Because the Texas long-arm statute confers jurisdiction to the limits of the Due Process Clause, "the sole inquiry that remains [in a personal jurisdiction analysis] is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ince Tec.,* 2018 WL 3656476, at *5. .

Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

316 (1945). "Minimum contacts" may be satisfied by contacts with the forum that are so "continuous and systematic" as to render the defendant effectively at home in the forum (general jurisdiction) or when the nonresident defendant's contacts with the forum arise from, or are directly related to, the cause of action (specific jurisdiction). *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n. 8, n. 9 (1984).

Absent exceptional circumstances, general jurisdiction only exists in a corporation's place of incorporation and principal place of business. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business of the defendant"). For specific jurisdiction, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Autogenomics, Inc.*, 566 F.3d at 1016 (explaining that Federal Circuit law governs jurisdictional issues in patent cases). If the plaintiff can demonstrate minimum contacts sufficient to support the exercise of specific jurisdiction (elements (1) and (2), above), "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *Grober v.Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).

2.    <u>WorldRemit Limited is Not Subject to General Jurisdiction in Texas</u>

WorldRemit Limited cannot be subject to general jurisdiction because it does not meet the "paradigm" bases for the exercise of general jurisdiction. *Daimler*, 571 U.S. at 137-39 (explaining that a corporation's place of incorporation and principal place of business are "paradigm" forums for the exercise of general jurisdiction). Plaintiff admits that WorldRemit Limited is incorporated under the laws of England and Wales and maintains its principal place of business in England. Doc

1, ¶ 2; Morris Decl. ¶ 2. Nonetheless, Plaintiff alleges—without supporting evidence—that WorldRemit Limited has "continuous and systematic business contacts with the State of Texas." Doc 1, ¶ 6. This allegation is insufficient both legally and factually.

WorldRemit Limited has no contacts with Texas at all. It is not licensed or registered to conduct business in Texas. Morris Decl. ¶ 5. It has no physical locations in Texas. Morris Decl. ¶ 7. It does not rent or lease any real property in Texas. Morris Decl. ¶ 7. And it has no employees in Texas. Morris Decl. ¶ 6. Because WorldRemit Limited has "no actual presence" in Texas, it is not "at home" in this forum, and it cannot be subject to general jurisdiction based on "continuous and systematic" contacts with the forum. *Daimler*, 571 U.S. at 127; *Autogenomics*, 566 F.3d at 1018.

### 3.    WorldRemit Limited is Not Subject to Specific Jurisdiction in Texas

WorldRemit Limited is also not subject to specific jurisdiction in Texas because Plaintiff cannot show that WorldRemit Limited purposefully directed ***any*** activities to Texas residents— much less activities that arise out of or relate to the alleged infringement.

First, Plaintiff's jurisdictional allegations are completely devoid of factual support and almost entirely based "[u]pon information and belief[.]" Doc. 1, ¶¶ 6-7. They are thus conclusory legal recitations that need not be accepted as true. *Panda Brandywine Corp.* 253 F.3d at 869. For example, Plaintiff alleges that "[u]pon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District" by "offering to sell and selling products that infringe the asserted patents," including the webpage at https://www.worldremit.com/en-us. Doc. 1, ¶¶ 7, 30. The bottom of https://www.worldremit.com/en-us, however, identifies WorldRemit **Corp.**, not WorldRemit Limited. Moreover, the declaration of Jonathan Morris, WorldRemit Limited's Chief Financial Officer, proves that specific personal jurisdiction over WorldRemit Limited is improper.

-10-

As thoroughly detailed in the declaration of Mr. Morris, WorldRemit Limited has no U.S.-based operations and is not registered to do business in Texas. Morris Decl. ¶¶ 5-7; *see also* Section III.A.2. *supra*. Moreover, both https://www.worldremit.com/en-us and other publicly-available information confirms that WorldRemit **Corp.** is the entity licensed in Texas to perform the transactions that appear to be accused. Morris Decl. ¶ 9 (identifying WorldRemit Corp). Financial transactions are highly-regulated in the United States. WorldRemit **Corp.** is the only WorldRemit entity licensed by the Texas Department of Banking to perform the accused financial transactions. Morris Decl. ¶ 9. WorldRemit **Limited** has never offered to sell nor sold any products in Texas (or the United States). Morris Decl. ¶¶ 4-5. Moreover, as explained above, WorldRemit **Corp.** services and provides support to United States-based customers, not WorldRemit Limited. Morris Decl. ¶ 9. Plaintiff's allegations lack any factual basis, and in any event fail to satisfy the "something more" necessary to establish that WorldRemit Limited purposefully directed any activities toward Texas.

Plaintiff's generic accusation that WorldRemit Limited "participates in the stream of commerce that results in products . . . being made, used, offered for sale, and/or sold in Texas and/or imported into the United States and to the State of Texas" is also deficient. The Supreme Court defines the "stream of commerce" as "the movement of goods from manufacturers through distributors to consumers." *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). The Federal Circuit has likewise acknowledged that the stream of commerce theory applies "when the defendant places a *product* into the stream of commerce[.]" *Celgard LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). Thus, Plaintiff's reliance on a stream of commerce theory necessarily fails because (1) WorldRemit Limited does not make or sell physical products anywhere in the world and (2) WorldRemit Limited does not direct any products (physical or

otherwise) into the forum state. Morris Decl. ¶¶ 4-5, 8; *Celgard*, 792 F.3d at 1382 (affirming dismissal for lack of personal jurisdiction where there was no evidence that "products actually enter[ed] the forum state"); *Tech. Pats. LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 915 (D. Md. 2008) ("The Court notes that in order for the 'stream of commerce' theory to apply, there must be an actual product placed into the stream of commerce.") (emphasis in original), *aff'd sub nom. Tech. Pats. LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012).

WorldRemit Limited does not have minimum contacts with Texas. The Court should dismiss this case for lack of personal jurisdiction.

4.    <u>Personal Jurisdiction in Texas Over WorldRemit Limited Would be Unreasonable and Unfair</u>

Even if Plaintiff did have evidence supporting the assertion that WorldRemit Limited has minimum contacts with Texas (it categorically does not), it would be unreasonable and unfair to subject WorldRemit Limited—a United Kingdom entity located in England—to personal jurisdiction in Texas. The Due Process Clause forbids a court from exercising personal jurisdiction over a defendant under circumstances that "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987).

The burden on WorldRemit Limited in defending Plaintiff's claims in Texas is severe. WorldRemit Limited is located nearly 5,000 miles away from the Courthouse in Texas, with a time difference of 6 hours and a travel time to Texas of over 13 hours.[4] None of WorldRemit Limited's evidence or witnesses are located in Texas or the United States, but rather are in the United

---

[4] The Court may take judicial notice of the distance between a party and the District. *See, e.g.*, *Hutchings v. MSHC Bonner St. Plaza LLC*, No. 2:12-cv-00074-JRG-RSP, 2012 WL 3150824, at *2 (E.D. Tex. Aug. 2, 2012).

Kingdom. It would incur significant costs to travel between Texas and the United Kingdom Morris Decl. ¶ 19.

As a foreign entity, WorldRemit Limited would also face "unique burdens placed upon one who must defend oneself in a foreign legal system[.]" *Asahi*, 480 U.S. at 114. Submission to a foreign nation's judicial system has "significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id*. Exercising personal jurisdiction in the Eastern District of Texas forces the burden upon WorldRemit Limited to undertake costly U.S. discovery 5,000 miles away from its actual location. This fundamental unfairness weighs heavily against personal jurisdiction in this district and this case should be dismissed.

## I.    CONCLUSION

For the reasons explained above, WorldRemit Limited respectfully requests that this Court dismiss Plaintiff's Complaint because: (i) Plaintiff failed to properly serve WorldRemit Limited, and (ii) this Court lacks personal jurisdiction over WorldRemit Limited.

DATED: September 29, 2025                Respectfully submitted,

                                         /s/ *Jennifer Klein Ayers*
                                         Jennifer Klein Ayers
                                         Texas State Bar No. 24069322
                                         jayers@sheppardmullin.com

                                         **SHEPPARD, MULLIN, RICHTER &
                                         HAMPTON, LLP**
                                         2200 Ross Avenue, 20th Floor
                                         Dallas, TX 75201
                                         Telephone: (469) 391-7400
                                         Facsimile: (469) 391-7401

                                         ***Attorneys for WorldRemit Limited***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document and all declarations, exhibits, and proposed orders thereto have been served on all counsel of record via the Court's CM/ECF system on September 29, 2025.

/s/ *Jennifer Klein Ayers*
Jennifer Klein Ayers