IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTERCURRENCY SOFTWARE LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00703-JRG |
| | § | |
| WORLDREMIT LIMITED, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) (the "Motion") filed by Defendant WorldRemit Limited ("WorldRemit"). (Dkt. No. 7). In the Motion, WorldRemit seeks dismissal of Plaintiff Intercurrency Software LLC's ("Intercurrency") Original Complaint (Dkt. No. 1) due to improper service and lack of personal jurisdiction. (*Id.*).

Sixteen days after WorldRemit filed its Motion, Intercurrency filed its First Amended Complaint (Dkt. No. 8). The First Amended Complaint does not raise any new factual allegations with respect to personal jurisdiction. (*Compare* Dkt. No. 1 at ¶¶ 5-8 *with* Dkt. No. 8 at ¶¶ 5-8). The Court finds that the allegations as to personal jurisdiction in both the Original Complaint and the First Amended Complaint are deficient as addressed below.

**I. LEGAL STANDARD**

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted). Here, the First Amended Complaint does not specifically refer to, adopt, or incorporate by reference the Original Complaint. In such situations, "the district court [has] the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended

complaint." *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023) (quoting *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020)).

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the Court bears the burden of proving that jurisdiction exists. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982)). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. *Id.*; *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001) ("[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."). This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in any submitted affidavits, in favor of jurisdiction. *Id.*

## II. ALLEGATIONS OF PERSONAL JURISDICTION

Intercurrency's allegations of jurisdiction consist of the following:

> 4. Defendant's currency exchanges and transfers are made outside and inside the United States of America and sold to end-users via the Internet and via distribution partners, retailers, reseller partners, and solution partners, including WorldRemit Corp., all jointly and severally liable for operating with the global brand WorldRemit. Those sales occur in the United States, and throughout Texas, including in this District.
>
> 5. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).
>
> 6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of patent-in-suit in this District and elsewhere in the State of Texas.
>
> 7. Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District. Defendant has committed acts of infringement in this District by, among other things, offering to sell and selling

> products that infringe the asserted patents, including the accused products as alleged herein, as well as providing service and support to its customers in this District. Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.
>
> 8. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, Defendant has regularly conducted business in this Judicial District, certain of the acts complained of herein occurred in this Judicial District, and Defendant is not a resident in the United States and may be sued in any judicial district.

(Dkt. No. 1 at ¶¶ 4-8; Dkt. No. 8 at ¶¶ 4-8). The allegations are identical in both the Original and First Amended Complaint. (*Id.*).

### III. ANALYSIS

Intercurrency fails to carry its burden of establishing personal jurisdiction because the only relevant allegations contained in the First Amended Complaint are conclusory. In the portions of the complaints excerpted above, Intercurrency alleges that WorldRemit: (1) maintains a website that (2) facilitates currency exchanges inside and outside of the United States, Texas, and this district. (*Id.*) Except for those two items, all of Intercurrency's other allegations are wholly conclusory in nature. Barebones allegations of participation in the stream of commerce—like the allegations made by Intercurrency—are not sufficient to establish a *prima facie* case of *in personam* personal jurisdiction.

Since the First Amended Complaint does not supplement the factual allegations as to personal jurisdiction, the Court evaluates the Motion with respect to the First Amended Complaint. Based on the preceding analysis, the Court finds that Intercurrency's factual allegations as to personal jurisdiction are deficient in the First Amended Complaint.

## IV. CONCLUSION

Having considered the Motion, the Original Complaint, and the First Amended Complaint, the Court finds that the Motion should be and hereby is **GRANTED**, and Intercurrency's First Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS LEAVE** to Intercurrency to refile this action in a manner that addresses the deficiencies noted above within fourteen (14) days of this date.

**So Ordered this**

**Nov 10, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE