**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INTERCURRENCY SOFTWARE LLC,<br><br>　　　　Plaintiff,<br><br><br>　　v.<br><br><br>WORLDREMIT LIMITED,<br><br>　　　　Defendant. | Civil Action No. 2:25-CV-703-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT WORLDREMIT LIMITED'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(2), 12(b)(4), AND 12(b)(5)**

## **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY ............................................3

       A.     Plaintiff's SAC Does Not Address Any Arguments WorldRemit Limited
              Made in its Original and Renewed Motions to Dismiss ..........................................3

       B.     WorldRemit Limited Has No Contacts With This Forum .......................................4

       C.     Plaintiff Failed to Serve WorldRemit Limited.......................................................7

III.   ARGUMENT & AUTHORITIES .................................................................................8

       A.     Plaintiff Failed to Serve WorldRemit Limited.......................................................8

              1.     Legal Standard ......................................................................................8

              2.     Plaintiff's Service on WorldRemit Limited was Defective Because it
                     Failed to Follow the Hague Convention ...................................................9

              3.     Plaintiff's Pattern of Avoiding Proper Service Warrants Dismissal..........11

       B.     This Court Does Not Have Personal Jurisdiction Over WorldRemit Limited.......12

              1.     Legal Standard ....................................................................................12

              2.     WorldRemit Limited is Not Subject to General Jurisdiction in Texas ......15

              3.     WorldRemit Limited is Not Subject to Specific Jurisdiction in Texas......16

              4.     Personal Jurisdiction in Texas Over WorldRemit Limited Would be
                     Unreasonable and Unfair ......................................................................19

IV.    CONCLUSION.......................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Administrators of Tulane Educational Fund v. Biomeasure, Inc.*
    687 F.Supp.2d 620 (E.D. La. 2009)................................................................................18

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*
    635 F.2d 434 (5th Cir. 1981) .........................................................................................9

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*
    480 U.S. 102 (1987)......................................................................................................19

*Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*
    566 F.3d 1012 (Fed. Cir. 2009).........................................................................13, 14, 16

*Booe v. Alecto Healthcare Servs.*
    No. 4:22-cv-00110, 2022 WL 4241728 (E.D. Tex. Sept. 14, 2022).........................8

*Celgard LLC v. SK Innovation Co.*
    792 F.3d 1373 (Fed. Cir. 2015).....................................................................................17

*Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*
    No. 4:22-CV-808-SDJ, 2024 WL 1337338 (E.D. Tex. Mar. 28, 2024) ...............15

*Daimler AG v. Bauman*
    571 U.S. 117 (2014)...............................................................................................13, 15, 16

*Delta Constructors, Inc. v. Roediger Vacuum, GmbH*
    259 F.R.D. 245 (S.D. Miss. 2009) ...............................................................................10

*Dickson Marine Inc. v. Panalpina, Inc.*
    179 F.3d 331 (5th Cir.1999) ................................................................................10, 14, 18

*Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*
    943 F.3d 239 (5th Cir. 2019) ...............................................................................14, 18

*Green Ince Tec., LLC v. Ice Cold 2, LLC*
    No. 4:17-cv-00341, 2018 WL 3656476 (E.D. Tex. Aug. 1, 2018).........................13

*Grober v. Mako Prods., Inc.*
    686 F.3d 1335 (Fed. Cir. 2012)......................................................................................14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
    466 U.S. 408 ................................................................................................................13

*Hutchings v. MSHC Bonner St. Plaza LLC*
    No. 2:12-cv-00074-JRG-RSP, 2012 WL 3150824 (E.D. Tex. Aug. 2, 2012) ........................19

*Int'l Shoe Co. v. Washington*
    326 U.S. 310 (1945) ...................................................................................................................13

*Intercurrency Software LLC v. Airwallex (Singapore) Pty. Ltd.*
    No. 2:24-cv-01011, ECF No. 10 (E.D. Tex. May 31, 2025) ....................................................11

*Intercurrency Software LLC v. Foris DAX Asia*
    No. 2:23-cv-00361-JRG, ECF No. 24 (E.D. Tex. Jan. 31, 2025) (Gilstrap, J.).............1, 11, 12

*Intercurrency Software LLC v. GBM Foundation Co. Ltd.*
    No. 2:23-cv-00395 (E.D. Tex. Aug. 31, 2023) .......................................................................11

*Intercurrency Software LLC v. Xe Corp.*
    No. 2:25-cv-00456 (E.D. Tex. May 1, 2025).........................................................................11

*J. McIntyre Mach. Ltd. v. Nicastro*
    564 U.S. 873 (2011) ...................................................................................................................17

*Lahman v. Nationwide Provider Solutions*
    No. 4:17-cv-305, 2018 WL 3035916 (E.D. Tex. June 19, 2018) ...........................................12

*Monkton Ins. Servs. v. Ritter*
    768 F.3d 429 (5th Cir. 2014) ....................................................................................................13

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*
    484 U.S. 97 (1987).......................................................................................................................8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*
    253 F.3d 865 (5th Cir. 2001) ..............................................................................................13, 16

*Seiferth v. Helicopteros Atuneros, Inc.*
    472 F.3d 266 (5th Cir. 2006) ....................................................................................................14

*Special Indus., Inc. v. Zamil Grp. Holding Co.*
    578 F. App'x 325 (5th Cir. 2014) ............................................................................................13

*Talley v. Tsvetanov*
    No. 4:23-cv-180, 2024 WL 3843761 (E.D. Tex. July 26, 2024)............................................12

*Tech. Pats. LLC v. Deutsche Telekom AG*
    573 F. Supp. 2d 903 (D. Md. 2008), *aff'd sub nom. Tech. Pats. LLC v. T-Mobile (UK)
    Ltd.*, 700 F.3d 482 (Fed. Cir. 2012) ........................................................................................17

*Traxcell Techs. LLC v. Nokia Sols. & Networks US LLC*
    No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 22, 2019) ....................11

*Wechsler v. Macke Int'l Trade, Inc.*
    486 F.3d 1286 (Fed. Cir. 2007)................................................................................14

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1980)...............................................................................................12

<u>Statutes</u>

28 U.S.C. §§ 1400(b) .................................................................................................3

<u>Other Authorities</u>

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial
    Documents in Civil or Commercial Matters, HCCH,
    https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated
    Mar. 21, 2024)........................................................................................................7

Federal Rules of Civil Procedure
    4(f)......................................................................................................1, 8, 11
    4(f)(1)...........................................................................................................9
    4(h)...............................................................................................................8
    4(h)(2)...................................................................................................1, 8, 9
    4(m).............................................................................................................12
    12(b)(2)..............................................................................................1, 3, 4, 12
    12(b)(4).........................................................................................1, 3, 4, 8, 12
    12(b)(5).........................................................................................1, 3, 4, 8, 12

## I.    INTRODUCTION

Defendant WorldRemit Limited ("Limited") is located in England and organized under the laws of England and Wales. Sept. 29, 2025 Declaration of J. Morris ("Sept. 29 Morris Decl."), ¶ 2. It is not licensed or registered to conduct business anywhere in the United States, including Texas. *Id.*, ¶ 5. It has no physical locations in Texas (or any other State), and does not rent or own any land or physical property in Texas (or any other State). *Id.*, ¶ 7. Since at least September 29, Plaintiff Intercurrency Software LLC ("Plaintiff") has known that Limited conducts no business in the United States and has no employees here. *Id.*, ¶¶ 5–7; Docs. 7, 10. Nevertheless, Plaintiff has ignored the unrefuted and indisputable facts that demonstrate both Plaintiff's failure to serve Limited and this Court's lack of jurisdiction. Docs 7, 10. Plaintiff has now filed two amended complaints (Docs. 8, 12) containing allegations Limited debunked months ago. For the reasons set forth below, the Court should dismiss Plaintiff's Second Amended Complaint ("SAC") with prejudice under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5).

Plaintiff filed this lawsuit more than 160 days ago, and it still has not properly served Limited under the Hague Convention. Dec. 22, 2025 Declaration of J. Morris ("Dec. 22 Morris Decl."), ¶ 4. Instead of complying with Rules 4(f) and (4)(h)(2), which require Plaintiff to serve Limited under the Hague Convention, Plaintiff served the registered agent of Limited's U.S. affiliate—WorldRemit Corp. ("Corp."). Doc. 4. Plaintiff is well-aware of its obligation to comply with the Hague Convention. This Court has already cautioned it regarding its prior failure to serve a foreign defendant according to the Convention's terms. *Intercurrency Software LLC v. Foris DAX Asia,* No. 2:23-cv-00361-JRG, ECF No. 24, at *3 (E.D. Tex. Jan. 31, 2025) (Gilstrap, J.).

Plaintiff attempts to side-step its obligation to comply with the Convention by alleging that Corp. is Limited's subsidiary. Doc. 12, ¶¶ 2, 6–18. **But Plaintiff has known since September 29**

**DEFENDANT WORLDREMIT LIMITED'S MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT – Page 1**

that Limited and Corp. have no parent-subsidiary relationship. Doc. 7, pp. 10–11;[1] Sept. 29 Morris Decl., ¶ 10; Dec. 22 Morris Decl., ¶¶ 2–3. Plaintiff has also known since September 29 that Limited and Corp. are separate and distinct legal entities that maintain separate books and records and have separate business operations. Sept. 29 Morris Decl., ¶¶ 3–14. Because a plaintiff cannot perfect service on a foreign company by serving a domestic sister corporation, the Court should dismiss this case. Doc. 7, pp. 10–11, n. 3 (citing *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249–52 (S.D. Miss. 2009)).

Even assuming Plaintiff did properly serve Limited (it did not), this Court also lacks personal jurisdiction. It is undisputed that Limited is a foreign company with a principal place of business abroad. Sept. 29 Morris Decl., ¶ 2. The Court has already dismissed this case once. Doc. 11. The allegations Plaintiff added in the SAC are insufficient to establish jurisdiction over Limited because they all depend upon Plaintiff's erroneous allegation that Limited is Corp.'s parent. Doc. 12, ¶¶ 2, 4–20. It is not. Doc. 7, pp. 10–11; Sept. 29 Morris Decl., ¶ 10; *see also* Dec. 22 Morris Decl., ¶¶ 2–3. **Limited is neither a direct nor indirect parent of Corp.** Dec. 22 Morris Decl., ¶¶ 2–3. Instead, Limited is a foreign affiliate that lacks the licenses and registrations necessary to perform the financial transactions that Plaintiff accuses of infringing its patent. Doc. 7, pp. 7–8; Sept. 29 Morris Decl., ¶¶ 8–9. Supreme Court precedent prohibits dragging Limited more than 5,000 miles from its home when Plaintiff has failed to demonstrate that it has any connection to Texas. Plaintiff cannot manipulate both jurisdiction and venue by ignoring Limited's

---

[1] Page citations in court filings refer to the Pacer-assigned page number appearing at the top of the page.

separate corporate form.[2] Plaintiff's allegations relating to Corp.'s allegedly infringing activities in the United States are insufficient to establish jurisdiction over Limited.

Defendant WorldRemit Limited respectively moves to dismiss Plaintiff's SAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5).

## II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

### A.    Plaintiff's SAC Does Not Address Any Arguments WorldRemit Limited Made in its Original and Renewed Motions to Dismiss

On July 10, 2025, Plaintiff filed its Original Complaint. Doc. 1. In response to the Complaint, Limited filed a Motion to Dismiss due to improper service and lack of personal jurisdiction. Doc. 7. Instead of responding to that Motion, Plaintiff chose to file a First Amended Complaint ("FAC"). Doc. 8. Plaintiff's FAC, however, did not raise any new factual allegations relating to either its failure to serve Limited or the Court's jurisdiction. Accordingly, on October 29, 2025, Limited filed a Renewed Motion to Dismiss. Doc. 10. In its Renewed Motion, Limited once again argued that the Court should dismiss Plaintiff's FAC because it failed to serve Limited. *Id.*, pp. 9–15. The Renewed Motion also argued that this Court could not exercise personal jurisdiction over Limited because Limited did not (a) perform the accused financial transactions, or (b) direct or control the entity that did. *Id.*, pp. 15–20.

The Court dismissed both the Original Complaint and the First Amended Complaint on November 12, finding that "the allegations as to personal jurisdiction in both the Original Complaint and the First Amended Complaint are deficient." Doc. 11.[3] The Order granted Plaintiff

---

[2] This Court lacks venue over United States-based Corp. because it is a Delaware Corporation with no regular or established place of business in Texas. 28 U.S.C. §§ 1400(b). Plaintiff has deliberately chosen to sue Corp.'s foreign affiliate to forum shop.

[3] The Court did not make any findings regarding Limited's Motion to Dismiss for failure to serve Limited.

leave to replead. *Id.*, p. 4. The new allegations in Plaintiff's SAC, however, do not address Plaintiff's deficient service nor remedy the jurisdictional issues that Limited raised in its original Motion to Dismiss.

As an initial matter, the service allegations are identical to those made in the Original Complaint and FAC and still incorrectly allege that Corp. is Limited's subsidiary. *Compare* Doc. 1, ¶ 2 and Doc. 8, ¶ 2 *with* Doc. 12, ¶ 2. All of the new jurisdictional allegations are also predicated on a parent-subsidiary relationship between Corp. and Limited. *Compare* Doc. 8, ¶¶ 5–8 *with* Doc. 12, ¶¶ 3–20. For example, the SAC alleges that "**[Defendant] WorldRemit and its controlled subsidiaries and affiliates, including WorldRemit Corp.**, are part of the same corporate structure and operational chain" and "operate as a unitary business venture[.]" Doc. 12, ¶¶ 13, 17 (emphasis added).

Because none of the allegations in the SAC sufficiently address the arguments Limited made in its original and renewed motions to dismiss, Defendant WorldRemit Limited respectfully moves to dismiss the SAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5).

### B.    WorldRemit Limited Has No Contacts With This Forum

Plaintiff's SAC accuses the webpage at https://www.worldremit.com/en of infringing U.S. Patent No. 11,620,701 ("'701 Patent") (the "Asserted Patent"). *E.g.*, Doc. 12, ¶¶ 7, 50. The SAC alleges that customers in the United States can use the money transfer platform available at https://www.worldremit.com/en to perform financial transactions that allegedly infringe the Asserted Patent. *Id.* To support this Court's jurisdiction over Limited, the SAC alleges that:

> WorldRemit, acting in concert with its subsidiaries and affiliates, research [sic] and development, offering, sales and related technical services focused on global money currency conversions and transfers requiring currency exchanges, through its promotion and control of its website https://www.worldremit.com/en,

worldwide, including throughout the United States and within Texas. Defendant's currency exchanges and transfers are made outside and inside the United States of America and sold to end-users via the Internet and via distribution partners, retailers, reseller partners, and solution partners, including WorldRemit Corp., all jointly and severally liable for operating with the global brand WorldRemit. Those sales occur in the United States, and throughout Texas, including in this District.

*Id.* Plaintiff essentially alleges that jurisdiction over Limited is proper because it is the ultimate parent of Corp. and therefore participates in a "stream of commerce that results in products, including [https://www.worldremit.com/en], being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas." *Id.*, ¶¶ 2, 5, 7, 10.

As set forth in the September 29 Declaration of Jonathan Morris, however, Limited and Corp. "are separate and distinct legal entities. Neither entity is a parent nor a subsidiary of the other." Sept. 29 Morris Decl., ¶ 10; Dec. 22 Morris Decl., ¶ 2 ("WorldRemit Limited is not a direct or indirect parent or subsidiary of WorldRemit Corp."). Moreover, Limited does not process or facilitate the allegedly infringing financial transactions performed through the accused website. Sept. 29 Morris Decl., ¶ 9. Instead, the financial transactions that form the bases for Plaintiff's infringement allegations, are executed by Corp., which Plaintiff has intentionally chosen not to sue to avoid a venue challenge. *Id.*, ¶¶ 3–14; Dec. 22 Morris Decl., ¶¶ 2–3.

In fact the evidence Plaintiff cites in the SAC clearly demonstrates that Corp., and not Limited, performs the financial transactions accused in this case. For example, Plaintiff cites https://www.worldremit.com/en (Doc. 12, ¶¶ 7, 10 (n. 6), 19) which identifies **Corp.** as the entity performing the financial transactions:



Plaintiff also cites https://www.worldremit.com/en/about-us/privacy-policy which again

identifies **Corp.** as the entity collecting user information:



Financial transactions like those accused in this case are highly regulated. As stated in disclosures on the accused webpage, Corp. is the only entity with the necessary licenses and registrations to perform financial transactions in the United States, including Texas. Sept. 29 Morris Decl. ¶ 9. United States customers contract with Corp.—not Limited—in order to perform the accused financial transactions in the United States, including Texas. Sept. 29 Morris Decl. ¶ 9.

In a last ditch effort to save its claim over Limited, Plaintiff alleges that Limited and Corp. "operate as a unitary business venture[.]" Doc. 12 ¶ 17. But Limited and Corp. are separate and distinct legal entities. Sept. 29 Morris Decl. ¶ 10. They maintain separate books and records and also have separate directors. Sept. 29 Morris Decl. ¶¶ 11, 13. Neither has control over the day-to-day business operations of the other. Sept. 29 Morris Decl. ¶ 12. Limited pays the salaries of its own employees. Sept. 29 Morris Decl. ¶ 14. The two entities also file and pay taxes separately. Sept. 29 Morris Decl. ¶ 19. The SAC does not identify any specifically pleaded facts that support disturbing either entity's separate corporate forms.

## C.    Plaintiff Failed to Serve WorldRemit Limited

The United Kingdom signed the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") almost sixty years ago, on November 17, 1967. The Convention entered into force there on February 10, 1969.[4] Plaintiff, however, never sought to utilize the Hague Convention or serve Limited. Instead, Plaintiff executed and returned a summons with this Court purporting to serve United Agent Group in California. Doc. 4. United Agent Group is not a registered agent for Limited. Sept. 29 Morris Decl. ¶ 15. It is not authorized to accept service of process on behalf of

---

[4] Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 21, 2024).

Limited. Sept. 29 Morris Decl. ¶ 15. Instead, United Agent Group is the registered agent for Corp.[5]

Corp. is also not a registered agent for Limited. Sept. 29 Morris Decl. ¶ 17. Nor is Corp. authorized

to accept service of process on behalf of Limited. Sept. 29 Morris Decl. ¶ 17. Despite filing this

lawsuit more than 160 days ago, Plaintiff has made no attempt to serve Limited under the Hague

Convention. October 29, 2025 Supplemental Declaration of J. Morris ¶ 2 (Doc. 10-1); Dec. 22

Morris Decl. ¶ 4.

## III.    ARGUMENT & AUTHORITIES

### A.    Plaintiff Failed to Serve WorldRemit Limited

#### 1.    <u>Legal Standard</u>

This case should be dismissed because Plaintiff failed to serve or attempt to serve

WorldRemit Limited for more than 160 days. "Before a federal court may exercise personal

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, Rule

12(b)(4) allows a defendant to move to dismiss when the "summons and complaint do not properly

name the party on whom the summons and complaint were served," and Rule 12(b)(5) allows a

defendant to move for dismissal based on "insufficient service of process." *Booe v. Alecto*

*Healthcare Servs.*, No. 4:22-cv-00110, 2022 WL 4241728, at *2 (E.D. Tex. Sept. 14, 2022); Fed.

R. Civ. P. 12(b)(4), 12(b)(5).

A foreign corporation must be served as prescribed in Fed. R. Civ. P. 4(h). Rule 4(h)(2)

states that foreign service must be performed as specified in Rule 4(f), which includes "any

internationally agreed means of service that is reasonably calculated to give notice, such as those

---

[5] https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=0KaQSWezs9
do_hympCexEfteBXKXuVjJ4qth0DPV_1g-

authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(f)(1). Plaintiff bears the burden of proving the validity of its service of process. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) (reversing district court judgment "[b]ecause the record does not show that valid service of process was made" and noting that "[w]hen service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity").

The Court should dismiss Plaintiff's SAC for insufficient service of process, or in the alternative should quash service because Plaintiff failed to properly serve the summons and SAC on WorldRemit Limited.

   2.   Plaintiff's Service on WorldRemit Limited was Defective Because it Failed to Follow the Hague Convention

The United Kingdom is a signatory to the Hague Convention. Section II.C *supra*. Because Limited is located in England and organized under the laws of England and Wales, Federal Rule of Civil Procedure 4(h)(2) requires Plaintiff to serve its SAC and summons through the Hague Convention. It is undisputed that Plaintiff made no attempt to do so. Rather, Plaintiff's returned summons indicates that it served **Corp.** through its registered agent, United Agent Group. Doc. 4; Sept. 29 Morris Decl. ¶ 17. **Corp.** is not a party to this lawsuit. Doc. 8. Additionally, United Agent Group and Corp. are not Limited's registered agents. Sept. 29 Morris Decl. ¶¶ 15, 17. Neither is authorized to accept service of process on Limited's behalf. Sept. 29 Morris Decl. ¶¶ 15, 17.

To support its transparent attempt to avoid complying with the Hague Convention, Plaintiff's SAC alleges that Limited "may be served through its U.S. subsidiary, WorldRemit Corp." Doc. 12, ¶ 2. As set forth above, however, and in Declarations that Limited previously filed, Corp. is neither a direct nor indirect subsidiary of Limited. Sept. 29 Morris Decl. ¶¶ 10; *see also*

Dec. 22 Morris Decl. ¶¶ 2–3. Presumably, Plaintiff is alleging that Corp. is somehow WorldRemit

Limited's "alter ego" for service of process. *See* Doc. 12, ¶¶ 3–20. This is incorrect.

Courts in the Fifth Circuit "have long presumed the institutional independence of related

corporations." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir.1999)

(dismissing case for lack of personal jurisdiction). Although the presumption of corporate

separateness may be overcome, "clear evidence" is required. *Id.* "Invariably, such clear evidence

requires an additional or a 'plus' factor, 'something beyond the [company's] mere presence within

the bosom of the corporate family." *Id.* None of the allegations in the SAC support a finding that

Corp. operates as Limited's alter ego. Moreover, despite multiple opportunities, Plaintiff has not

identified any authority to support the proposition that it may perfect service on a foreign sister

corporation through service on its domestic affiliate. *Delta Constructors, Inc. v. Roediger Vacuum,*

*GmbH*, 259 F.R.D. 245, 249–52 (S.D. Miss. 2009) ("no court of the United States has ever found

service upon a domestic sister corporation or co-subsidiary sufficient to perfect service upon a

foreign sister corporation").

Limited has repeatedly and consistently told Plaintiff that it has no parent-subsidiary

relationship with Corp. *E.g.*, Sept. 29 Morris Decl. ¶ 10; Dec. 22 Morris Decl. ¶¶ 2–3. The

companies are separate and distinct legal entities that maintain separate books and records. Sept.

29 Morris Decl. ¶¶ 10–11. Limited does not have control over the day-to-day business operations

of Corp. *Id.* ¶ 12. The two entities have separate directors. *Id.*, ¶ 13. Finally, Limited files and pays

taxes separately from Corp. Sept. 29 Morris Decl. ¶ 19. Plaintiff essentially argues that it can serve

any foreign company with service of process if that company is related to a U.S.-based entity. This

is not the law. The Court should not allow Plaintiff to ignore corporate form and circumvent the

well-established procedures for compelling a foreign company to appear in a court 5,000 miles

away from its home country. Plaintiff's failure to attempt proper service through the Hague Convention justifies dismissal. *See, e.g., Traxcell Techs. LLC v. Nokia Sols. & Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019) (dismissing, because "[t]he Court concludes that [plaintiff] must comply with the Hague Convention to effect service, and [plaintiff] has not shown that it has complied with the Hague Convention").

    3.  <u>Plaintiff's Pattern of Avoiding Proper Service Warrants Dismissal</u>

  Under Rule 4(f), dismissal is warranted where, as here, "the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Traxcell Techs.,* 2019 WL 8137134, at *4 (quoting *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012)). This is not the first case Plaintiff has filed in this District against a foreign defendant. *E.g., Intercurrency Software LLC v. GBM Foundation Co. Ltd.*, No. 2:23-cv-00395 (E.D. Tex. Aug. 31, 2023); *Intercurrency Software LLC v. Xe Corp.*, No. 2:25-cv-00456 (E.D. Tex. May 1, 2025). It is also not the first time Plaintiff has improperly tried to circumvent service under the Hague Convention. *See Intercurrency Software LLC v. Foris DAX Asia Pte. Ltd.*, No. 2:23-cv-00361-JRG, ECF No. 24 (dismissing case for improper service); *see also Intercurrency Software LLC v. Airwallex (Singapore) Pty. Ltd.*, No. 2:24-cv-01011, ECF No. 10 (E.D. Tex. May 31, 2025).

  Dismissal here is particularly appropriate because Plaintiff has a pattern of ignoring service requirements on foreign defendants. Plaintiff has been aware of its Hague Convention obligations long before filing this case. In *Foris DAX Asia*, Plaintiff simply withdrew its certificate of service rather than defend the propriety of its service. *Foris DAX Asia*, ECF No. 11 (E.D. Tex. Sept. 26, 2024). Similarly in *Airwallex (Singapore) Pty. Ltd.*, after service of process was challenged, Plaintiff voluntarily dismissed the foreign defendant. *Airwallex*, ECF No. 20 (E.D. Tex. Apr. 29, 2025). Despite this, Plaintiff continues the same conduct of improper service in cases filed against

other foreign entities like Limited. As this Court cautioned Plaintiff in *Foris DAX Asia*: "Plaintiff is represented by counsel and such counsel has filed numerous lawsuits in this Court. Counsel should know how to practice in this Court in compliance with the Federal Rules of Civil Procedure." *Foris Dax Asia*, ECF No. 24, at *3 (Gilstrap, J.).

The same concerns apply here, and are magnified given Plaintiff's prior warnings. Plaintiff has been on notice that Corp. is not Limited's subsidiary **since September**. Plaintiff has also had more than 160 days to attempt service against Limited pursuant to the Hague Convention. Doc. 1, Complaint (filed July 10, 2025). It has failed to do so in violation of Federal Rule of Civil Procedure 4(m) and in contravention of this Court's prior guidance. Fed. R. Civ. P. 4(m). Dec. 22 Morris Decl., ¶ 4. Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), Limited respectfully asks this Court to dismiss Plaintiff's SAC for improper service of process without leave to amend.

### B.     This Court Does Not Have Personal Jurisdiction Over WorldRemit Limited

Even if the Court determines that Plaintiff properly served Limited (it did not), the Court should still dismiss this case because it lacks personal jurisdiction over Limited. Fed. R. Civ. P. 12(b)(2).

### 1.     Legal Standard

The requirement that a plaintiff establish the court's personal jurisdiction "protects the defendant against the burdens of litigating in a distant or inconvenient forum" with which it has little or no contact. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Once a defendant challenges personal jurisdiction, "it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Lahman v. Nationwide Provider Solutions*, No. 4:17-cv-305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018). Moreover, facts alleged in the complaint may be accepted as true only to the extent that they are uncontroverted by a defendant's affidavit or

declaration. *Talley v. Tsvetanov*, No. 4:23-cv-180, 2024 WL 3843761, at *5 (E.D. Tex. July 26, 2024) (cleaned up). **Even uncontroverted facts need not be credited if they are conclusory.** *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In patent cases, "[d]etermining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). The Texas long-arm statute is co-extensive with federal Due Process requirements. *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 327 (5th Cir. 2014); *Green Ince Tec., LLC v. Ice Cold 2, LLC*, No. 4:17-cv-00341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018). Because the Texas long-arm statute confers jurisdiction to the limits of the Due Process Clause, "the sole inquiry that remains [in a personal jurisdiction analysis] is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ince Tec.,* 2018 WL 3656476, at *5.

Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts" may be satisfied by contacts with the forum that are so "continuous and systematic" as to render the defendant effectively at home in the forum (general jurisdiction) or when the nonresident defendant's contacts with the forum arise from, or are directly related to, the cause of action (specific jurisdiction). *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 n. 8, n. 9 (1984).

Absent exceptional circumstances, general jurisdiction only exists in a corporation's place of incorporation and principal place of business. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432

(5th Cir. 2014) (it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business of the defendant"). For specific jurisdiction, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Autogenomics,* 566 F.3d at 1016 (explaining that Federal Circuit law governs jurisdictional issues in patent cases). If the plaintiff can demonstrate minimum contacts sufficient to support the exercise of specific jurisdiction (elements (1) and (2), above), "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).

Finally, Plaintiff has the burden of making a prima facie showing that Limited controls or is the alter ego of Corp. *Dickson Marine,* 179 F.3d at 339 ("the burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory"). Conclusory allegations that are unsupported by "concrete facts" cannot justify disregarding corporate formalities to impute Corp.'s alleged infringement on Limited for purposes of establishing jurisdiction. *Id.*; *Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 252 (5th Cir. 2019) (rejecting "conclusory allegations" of an alter ego relationship as "insufficient for [Plaintiff] to make out a prima facie case of personal jurisdiction").[6]

---

[6] Although personal jurisdiction in patent infringement cases is analyzed under Federal Circuit law, Fifth Circuit law applies to the alter ego analysis. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007) ("Since the alter ego issue is not unique to patent law, we apply the law of the regional circuit.").

2.    <u>WorldRemit Limited is Not Subject to General Jurisdiction in Texas</u>

Limited cannot be subject to general jurisdiction because it does not meet the "paradigm" bases for the exercise of general jurisdiction. *Daimler*, 571 U.S. at 137–39 (explaining that a corporation's place of incorporation and principal place of business are "paradigm" forums for the exercise of general jurisdiction). Plaintiff admits that Limited is incorporated under the laws of England and Wales and maintains its principal place of business in England. Doc. 12, ¶ 2; Sept. 29 Morris Decl. ¶ 2. Nonetheless, Plaintiff alleges—without supporting evidence—that Limited has "continuous and systematic business contacts with the State of Texas." Doc. 12, ¶ 4. This Court has repeatedly held similar allegations insufficient, both legally and factually.

For example, in *Cellport Systems*, the plaintiff alleged this Court had general jurisdiction over a German company. *Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*, No. 4:22-CV-808-SDJ, 2024 WL 1337338, at *3 (E.D. Tex. Mar. 28, 2024). Without support, the complaint alleged the German defendant transacted "substantial business in the State of Texas and this judicial district, including regularly doing or soliciting business in Texas, and/or engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas." *Id.* The Court quickly dispensed with the argument, noting that "Cellport's broad allegation 'merely amount[s] to [a] vague and overgeneralized assertion[ ] of contacts that give[s] no indication as to the extent, duration or frequency of [defendant's] contacts[.]" *Id.* (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018)).

Moreover, as set forth in the September 29 Declaration of Jonathan Morris, Limited's Chief Financial Officer, Limited has no contacts with Texas at all. It is not licensed or registered to conduct business in Texas. Sept. 29 Morris Decl. ¶ 5. It has no physical locations in Texas. Sept. 29 Morris Decl. ¶ 7. It does not rent or lease any real property in Texas. Sept. 29 Morris Decl. ¶ 7.

And it has no employees in Texas. Sept. 29 Morris Decl. ¶ 6. Because Limited has "no actual presence" in Texas, it is not "at home" in this forum, and it cannot be subject to general jurisdiction based on "continuous and systematic" contacts with the forum. *Daimler*, 571 U.S. at 127; *Autogenomics*, 566 F.3d at 1018.

> 3.    WorldRemit Limited is Not Subject to Specific Jurisdiction in Texas

WorldRemit Limited is also not subject to specific jurisdiction in Texas because Plaintiff cannot show that Limited purposefully directed **any** activities to Texas residents—much less activities that arise out of or relate to the alleged infringement. Moreover, Plaintiff's new allegations are controverted by declaration and fail to establish that Corp.'s contacts should be imputed to Limited.

First, Plaintiff's jurisdictional allegations are completely devoid of factual support and almost entirely based "[u]pon information and belief[.]" *E.g.*, Doc. 12, ¶¶ 5, 18, 19. They are thus conclusory legal recitations that need not be accepted as true. *Panda Brandywine,* 253 F.3d at 869. For example, Plaintiff alleges that "[u]pon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District" by "offering to sell and selling products that infringe the asserted patents," including the webpage at https://www.worldremit.com/en. Doc. 12, ¶ 5. The bottom of https://www.worldremit.com/en, however, identifies **Corp.**, not Limited. Moreover, the declarations of Jonathan Morris prove that specific personal jurisdiction over Limited is improper.

As thoroughly detailed in the declarations of Mr. Morris, Limited has no United States-based operations and is not registered to do business in Texas. Sept. 29 Morris Decl. ¶¶ 5–7; *see also* Section II.B. *supra*. Moreover, both https://www.worldremit.com/en and other publicly-available information confirms that **Corp.** is the entity licensed in Texas to perform the

transactions that appear to be accused. Sept. 29 Morris Decl. ¶ 9 (identifying Corp). Financial transactions are highly-regulated in the United States. **Corp.** is the only WorldRemit entity licensed by the Texas Department of Banking to perform the accused financial transactions. Sept. 29 Morris Decl. ¶ 9. **Limited** has never offered to sell nor sold any products in Texas (or the United States). Sept. 29 Morris Decl. ¶¶ 4–5. Additionally, as explained above, **Corp.** services and provides support to United States-based customers, not Limited. Sept. 29 Morris Decl. ¶ 9. Plaintiff's allegations lack any factual basis, and in any event fail to satisfy the "something more" necessary to establish that **Limited** purposefully directed any activities toward Texas.

Plaintiff's generic accusation that Limited "participates in the stream of commerce that results in products . . . being made, used, offered for sale, and/or sold in Texas and/or imported into the United States and to the State of Texas" is also deficient. *See e.g.,* Doc. 12, ¶ 5. The Supreme Court defines the "stream of commerce" as "the movement of goods from manufacturers through distributors to consumers." *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). The Federal Circuit has likewise acknowledged that the stream of commerce theory applies "when the defendant places a *product* into the stream of commerce[.]" *Celgard LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). Thus, Plaintiff's reliance on a stream of commerce theory necessarily fails because (1) Limited does not make or sell physical products anywhere in the world and (2) Limited does not direct any products (physical or otherwise) into the forum state. Sept. 29 Morris Decl. ¶¶ 4–5, 8; *Celgard*, 792 F.3d at 1382 (affirming dismissal for lack of personal jurisdiction where there was no evidence that "products actually enter[ed] the forum state"); *Tech. Pats. LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 915 (D. Md. 2008) ("The Court notes that in order for the 'stream of commerce' theory to apply, there must be an actual product placed

into the stream of commerce.") (emphasis in original), *aff'd sub nom. Tech. Pats. LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012).

To the extent the SAC's new allegations are intended to establish jurisdiction over Limited by virtue of Corp.'s alleged contacts with the forum, the September 29 and December 22 declarations of Mr. Morris directly controvert Plaintiff's allegations. As previously explained to Plaintiff, Corp. and Limited are separate corporate entities that are not parents nor subsidiaries of each other. Sept. 29 Morris Decl. ¶ 10 Dec. 22 Morris Decl. ¶¶ 2–3. They observe all necessary corporate formalities. Sept. 29 Morris Decl. ¶¶ 3–14. The SAC does not make any showing, much less a "strong" showing that the two companies are so entangled that Corp.'s contacts with the forum may be imputed to Limited. *Dickson Marine*, 179 F.3d at 338–339 (declining to assert jurisdiction based on "only a sibling corporate relationship").

"The mere fact that a corporate relationship exists is not sufficient evidence to warrant the assertion of jurisdiction over [Limited]." *Id.* at 341. Plaintiff essentially alleges that it can sue any foreign entity in a multi-national company for patent infringement based upon accusations that a related U.S. entity infringes. This is simply not the law. *See e.g., Diece-Lisa*, 943 F.3d at 251 ("[g]enerally, 'the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.'") (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004)). "[Plaintiff] has not alleged anything beyond the mere existence of a corporate relationship between [Limited] and [Corp.] and has therefore not rebutted 'the presumption of institutional independence.'" *Diece-Lisa*, 943 F.3d at 252 (quoting *Freudensprung*, 379 F.3d at 346); *see also Administrators of Tulane Educational Fund v. Biomeasure, Inc.*, 687 F.Supp.2d 620, 624–30 (E.D. La. 2009) (rejecting alter ego and agency theory because common

ownership and directors alone are insufficient to attribute the conduct of resident defendant to French parent corporation in light of evidence of corporate separateness).

Limited does not have minimum contacts with Texas. The Court should dismiss this case for lack of personal jurisdiction without leave to amend.

4.   Personal Jurisdiction in Texas Over WorldRemit Limited Would be Unreasonable and Unfair

Even if Plaintiff did have evidence supporting the assertion that Limited has minimum contacts with Texas (it categorically does not), it would be unreasonable and unfair to subject Limited—an English entity located in the United Kingdom—to personal jurisdiction in Texas. The Due Process Clause forbids a court from exercising personal jurisdiction over a defendant under circumstances that "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987).

The burden on Limited in defending Plaintiff's claims in Texas is severe. Limited is located nearly 5,000 miles away from the Courthouse in Texas, with a time difference of 6 hours and a travel time to Texas of over 13 hours.[7] None of Limited's evidence or witnesses are located in Texas or the United States, but rather are in the United Kingdom. It would incur significant costs to travel between Texas and the United Kingdom. Sept. 29 Morris Decl. ¶ 19.

As a foreign entity, Limited would also face "unique burdens placed upon one who must defend oneself in a foreign legal system[.]" *Asahi Metal Indus. Co.*, 480 U.S. at 114. Submission to a foreign nation's judicial system has "significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id*. Exercising personal

---

[7] The Court may take judicial notice of the distance between a party and the District. *See, e.g.*, *Hutchings v. MSHC Bonner St. Plaza LLC*, No. 2:12-cv-00074-JRG-RSP, 2012 WL 3150824, at *2 (E.D. Tex. Aug. 2, 2012).

jurisdiction in the Eastern District of Texas forces the burden upon Limited to undertake costly U.S. discovery 5,000 miles away from its actual location. This fundamental unfairness weighs heavily against personal jurisdiction in this district and this case should be dismissed.

## IV.    CONCLUSION

For the reasons explained above, WorldRemit Limited respectfully requests that this Court dismiss Plaintiff's SAC without leave to amend because: (i) Plaintiff failed to properly serve WorldRemit Limited, and (ii) this Court lacks personal jurisdiction over WorldRemit Limited.

DATED: December 22, 2025                Respectfully submitted,

                                        /s/ *Jennifer Klein Ayers*
                                        Jennifer Klein Ayers
                                        Texas State Bar No. 24069322
                                        jayers@sheppardmullin.com

                                        **SHEPPARD, MULLIN, RICHTER &
                                        HAMPTON, LLP**
                                        2200 Ross Avenue, 20th Floor
                                        Dallas, TX 75201
                                        Telephone: (469) 391-7400
                                        Facsimile: (469) 391-7401

                                        ***Attorneys for WorldRemit Limited***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document and all declarations, exhibits, and proposed orders thereto have been served on all counsel of record via the Court's CM/ECF system on December 22, 2025.

/s/ *Jennifer Klein Ayers*
Jennifer Klein Ayers